UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN R. McLAUGHLIN,          )<br>                                              )<br>         *Plaintiff*                     )<br>                                              )<br>v.                                          )<br>                                              )<br>JO ANNE B. BARNHART,         )<br>**Commissioner of Social Security,**  )<br>                                              )<br>         *Defendant*                    )  | *Docket No. 04-129-B-W* |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises a single issue: whether the administrative law judge erred in finding that the plaintiff's upper extremity impairments were not severe. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had degenerative disk disease that was severe but did not meet or equal the criteria of any impairment included in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 19; that the plaintiff's allegations regarding his limitations were not totally credible, Finding 5, *id.*; that the plaintiff's past relevant work

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on
(*continued on next page*)

1

as an electrical designed did not require the performance of work-related activities precluded by his residual functional capacity, Finding 7, *id*.; that his medically determinable impairments did not prevent the plaintiff from performing his past relevant work, Finding 8, *id*.; and that therefore the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 9, *id*. The Appeals Council declined to review the decision, *id*. at 5-7, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.,* 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Richardson v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential review process, but the only issue raised by the plaintiff on appeal implicates only Step 2 of that process. Although a plaintiff bears the burden of proof at this step, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986). When a clamant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id*. at 1124 (quoting Social Security Ruling 85-28).

---

May 19, 2005, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with (*continued on next page*)

**Discussion**

A claimant bears the initial burden of adducing evidence that during the relevant time period he or she suffered from a medically determinable impairment, *see, e.g.,* 20 C.F.R. §§ 404.1512(c), 416.912(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled."). A claimed condition for which no such evidence is produced rightfully is ignored. *See, e.g.*, Social Security Ruling 96-7p ("SSR 96-7p"), reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2004), at 133 ("No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.").

The administrative law judge discussed the plaintiff's upper extremities[2] as follows:

> On May 8, 2002, Dr. Christopher Cary, a pain specialist, examined the claimant, and found no abnormalities. Specifically, the strength in his extremities was normal with no muscle atrophy. There was no pain to palpation. Sensation was intact. Exhibit 3F.
>
> Dr. Stephen Horowitz, a physiatrist, examined the claimant on June 25, 2003 and found that the claimant could heel and toe walk without difficulty. The straight leg raising test was negative. Dr. Horowitz stated that the neurological examination was normal. There was no evidence of a radiculopathy, and there was no lesion upon which to perform surgery. Exhibit 17F.
>
> Dr. Michael Regan, an orthopedist, examined the claimant on August 19, 2003 and found no particular tenderness in the back. The claimant had full strength and reflexes. . . . Exhibit 13F.

---

citations to relevant statutes, regulations, case authority and page references to the administrative record.

[2] Neither the plaintiff's application for benefits, Record at 109-11, 126, 164, nor the plaintiff's representative at the hearing, *id*. at 28-29, mentioned a claim based on impairment of the upper extremities. His "Reconsideration Disability Report" does mention "problems with L arm (shoulder & elbow) continue (aches all day long)." *Id* at 155. The plaintiff testified about pain in his arms. *Id*. at 33, 38-40, 43, 46, 48, 50.

> On November 16, 2002, the claimant was examined by Dr. Behzad Fakhery for the state agency. The claimant told him that he had had <u>right</u> arm tendonitis for the last 15 years. Exhibit 6F. The earlier medical evidence does not show any symptoms or findings related to the right elbow. However, on October 2, 2002, the claimant sought care in an emergency room for a complaint of pain and swelling in the <u>left</u> elbow. There was no antecedent trauma or prior history of such a problem. The problem was thought to be an infection or bursitis. He was given cortisone and an antibiotic. On October 7, 2002, he told orthopedist Dr. Bill Alexander that the problem had completely resolved until he ran out of cortisone. He was given more cortisone and [told to] return if the problem did not subside. Exhibit 5F. The claimant did mention right arm pain to Dr. Horowitz on June 25, 2003, but Dr. Horowitz found muscle strength in [sic] normal in both arms with normal dexterity and sensation. Dr. Horowitz did not diagnose any problem related to either arm. Exhibit 16F.
>
> * * *
>
> Dr. Fakhery . . . stated that the claimant should not lift more than 4 or 5 pounds with the right arm, but could lift much more with the left arm. Dr. Fakhery's opinion regarding right arm limitations was apparently based on the claimant's subjective statements. His examination of the claimant did not reveal any right arm abnormality. Further, the claimant told him that he had experienced right arm problems for a number of years, which is not supported by the evidence. The claimant did have a problem with his <u>left</u> elbow approximately one month before seeing Dr. Fakhery, but the evidence[] indicates that this problem had cleared with treatment, apparently before Dr. Fakhery's examination. Dr. Horowitz, a specialist in physical medicine and rehabilitation, found no diagnosable problem with the right arm. Therefore, I accept in part Dr. Fakhery's assessment of physical residual functional capacity, but I do not accept his opinion regarding right arm limitations.

Record at 16-17 (emphasis in original).

The plaintiff relies primarily on the records of Stephen Doane, M.D., a treating physician. Plaintiff's Itemized Statement of Errors ("Statement of Errors") (Docket No. 6) at 7-8. The administrative law judge rejected Dr. Doane's medical assessment because it was "not supported by his own findings (See Exhibit 15 F), nor [was it] consistent with the findings of the specialists, Dr. Horowitz (Exhibit 16F) or Dr. Regan (Exhibit 13F) and [it was] not consistent with the MRI scan showing no nerve root encroachment (Exhibit 2F, page 1)." Record at 17.

4

The evidence of record appears to support the plaintiff's position. The first RFC assessment by a DDS non-examining physician does not mention any impairment in the upper extremities, but it is dated November 24, 2002, before the dates of much of the medical evidence on this issue. *Id*. at 220-27. The second DDS RFC assessment, dated April 4, 2003, notes the reports of arm and shoulder pain as the basis for a finding that ability to push and pull, including hand controls, is limited in the upper extremities. *Id*. at 266, 272. Steven H. Horowitz, M.D., a neurologist who saw the plaintiff once, on June 25, 2003, did find normal strength in the right arm, with intact sensation and normal dexterity, but he also suggested that the plaintiff "take anti-inflammatory agents on a prn basis when the radicular pain in his arm is most severe." *Id*. at 287-88. Michael F. Regan, M.D., an orthopedist, evaluated only the plaintiff's back pain. *Id*. at 273-74. Stephen Doane, M.D., the plaintiff's primary treating physician, as early as May 8, 2003, diagnosed lateral epicondylitis[3] in the plaintiff, *id*. at 286, and treated it with medication. On June 3, 2003 Dr. Doane noted a report "from the pain-managing group" that the plaintiff had radial nerve neuropathy and found his right arm tender to palpation and with reduced strength. *Id*. at 284. The diagnosis and medication were continued through September 2, 2003. *Id*. at 278-83. I see nothing in Dr. Doane's findings that is inconsistent with this diagnosis and treatment, and the failure of the administrative law judge to identify the specific findings of Dr. Doane which he concluded did not support his medical assessment, *id*. at 17, makes it impossible to review the administrative law judge's conclusion on this point any further.[4] Behzad Fakhery, M.D., who evaluated the plaintiff for the state disability determination service on November 15, 2002, diagnosed

---

[3] Epicondylitis is the inflammation of an epicondyle, which is a projection from a long bone near the articular extremity above or upon the condyle, which in turn is a rounded articular surface at the extremity of a bone, often the humerus, a bone in the arm. Stedman's Medical Dictionary (27th ed. 2000) at 397, 603, 835.

[4] It is possible that the administrative law judge meant to refer only to Dr. Doane's findings concerning the plaintiff's back pain, because the section of Dr. Doane's medical assessment that concerns lifting and carrying cites only the medical findings related to back pain. Record at 275.

5

"[t]endinitis of the right elbow, mild." *Id*. at 219. At least as to the right arm, the plaintiff has met the Step 2 standard for finding a severe impairment.

This conclusion does not necessarily require remand, however. Dr. Fakhery concluded that, due to "pain and discomfort in the right upper limb," the plaintiff would be unable to handle physically demanding work but he "should be able to handle light duty." *Id*.[5] Dr. Doane does not tie any of the physical limitations set forth in his assessment dated September 30, 2003 to any impairment of the plaintiff's upper extremities. *Id*. at 275-77. The plaintiff has made no showing that the impairment in his upper extremities would be inconsistent with the capacity for light work assigned by the administrative law judge. Accordingly, the error at Step 2 was harmless. *See, e.g.*, *Bryant v. Apfel*, 141 F.3d 1249, 1252-53 (8th Cir. 1998) (despite confusing juxtaposition of finding at Step 2 that headaches were "severe" and finding at Step 3 that headaches imposed no more than slight limitation of function, "arguable deficiency in opinion-writing technique" would not prevent affirmance inasmuch as substantial evidence of record supported Step 3 finding). At oral argument, counsel for the plaintiff contended that the error in this case was not harmless because use of the arms and hands is "critical" in sedentary work. Social Security Ruling 96-9p, to which counsel for the plaintiff referred for the first time at oral argument, citing it as support for this contention, does state that "[m]ost unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity. Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004) at 159. Contrary to the assumption of counsel, tendonitis in the elbow or radicular pain in the arm does not necessarily result in lack of manual dexterity. None of the medical evidence includes a

---

[5] Dr. Fakhery made this statement after opining that the plaintiff was able to lift "perhaps four . . . or 5 pounds with the right and much heavier load with the left." Record at 219. It is Dr. Fakhery's "medical source statement" concluding that the plaintiff is capable of "light duty," rather than his earlier observation about the strength of the plaintiff's right arm alone, that governs. *See Cole v. Barnhart*, 293 F.Supp.2d 1234, 1243 (D. Kan. 2003) (ALJ properly concluded that limit of lifting 15 pounds with left hand consistent with RFC of lifting 20 pounds occasionally). *See generally Gray v. Heckler*, 760 F.2d 369, 373-75 (1st Cir. 1985) (ALJ did not err in finding (*continued on next page*)

6

finding that the plaintiff's manual dexterity is limited. The medical evidence supporting the administrative law judge's determination is sufficient, in any event, as discussed above.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of May, 2005.

/s/ David M. Cohen  
David M. Cohen  
United States Magistrate Judge

---

that claimant could lift objects up to ten pounds with both hands when impairment was only in left arm and hand).